## A05A1544. ORMOND v. ORMOND et al.
(619 SE2d 370)

PHIPPS, Judge.

Mark Ormond filed a complaint for divorce against Dawn Ormond, seeking custody of their two minor children. Thomas Lange (the children's maternal grandfather) and his wife Vicki Lange (the mother's stepmother) filed a petition to intervene seeking child custody or visitation. The court later entered a final divorce decree incorporating a settlement agreement that gave the father primary physical custody of the children and granted the mother visitation every other weekend and at certain other times. After the grandparents' petition was heard, the court awarded them visitation with the children one weekend per month during and in lieu of one of the mother's visitation weekends. We granted the father's application for discretionary appeal and reverse the court's award of visitation to the grandparents.

The Grandparent Visitation Statute is codified at OCGA § 19-7-3. A prior version of the statute authorized a court to award grandparent visitation rights based solely on a best interests of the child standard.[1] Our Supreme Court in *Brooks v. Parkerson*[2] found that statutory scheme unconstitutional, holding that the state may impose grandparent visitation "over the parents' objections" only on a showing that failing to do so would be harmful to the child.[3] In so holding, the Court noted:

> While there are, to be sure, many instances where the grandparent-grandchild bond is beneficial to the child, we have found, and the parties cite, little evidence that this is most often the case. It has also been noted that even if such

---

[1] See *Brooks v. Parkerson*, 265 Ga. 189, 190 (1) (454 SE2d 769) (1995).

[2] Id.

[3] Id. at 194 (2) (c); see also *Weiss v. Varnadore*, 246 Ga. App. 654 (541 SE2d 448) (2000) (approving award of joint custody of child to parent and grandparent, upon consent of parent or upon waiver by parent of constitutionally protected parental rights, provided trial court determines that award is in best interest of child).

a bond exists and would benefit the child if maintained, the impact of a lawsuit to enforce maintenance of the bond over the parents' objection can only have a deleterious effect on the child. [Cits.][4]

The Grandparent Visitation Statute now provides that "the court may grant any grandparent of the child reasonable visitation rights if the court finds the health or welfare of the child would be harmed unless such visitation is granted, *and* if the best interests of the child would be served by such visitation."[5] "Further, due process requires that evidence supporting mandated visitation rights must meet the clear and convincing standard of proof. [Cit.]"[6]

Although the court below found by clear and convincing evidence that the best interests of the children would be served by granting visitation to the grandparents, the court expressly did not find by clear and convincing evidence that the children or their health or welfare would be harmed unless visitation was granted. The court concluded, however, that the latter finding was not necessary based on its additional findings that the mother had consented to the intervenors having visitation with the children during her visitation with the children and that the father did not object to the children visiting with the grandparents so long as the visitation occurred during the mother's visitation time.

The transcript of the hearing below clearly shows that although the father did not object to the children visiting with the grandparents during the mother's visitation periods, he did object to the grandparents being given court-ordered visitation. His position at the hearing was consistent with his answer to the grandparents' petition to intervene, in which he asked that it be dismissed. The mother's position, quite clearly, was that although she wanted her parents to establish a bond with her children by visiting them during her time with the children, she wanted the visitation to take place in Georgia (where she, the children, and their father reside). But she, too, objected to her parents' petition for court-ordered visitation, viewing it as an attempt by them to force her to send the children to visit them in Texas (where they reside) without her being present.

The grandparents argue that under the "any evidence" standard of review, there is nonetheless some evidence to support the court's finding that the mother did agree to court-ordered visitation. In this regard, the grandparents point to that part of the hearing in which

---

[4] *Brooks*, supra.

[5] OCGA § 19-7-3 (c) (emphasis supplied).

[6] *Hunter v. Carter*, 226 Ga. App. 251, 252 (1) (485 SE2d 827) (1997).

their attorney asked the mother, "All right. So let me just see, then, if we can cut this shorter. Are you willing to allow them to have the court-ordered visitation on weekends that are your weekends?" The mother's response to that question was, "I have agreed to it." However, immediately before the question was posed, the mother had testified, "My position has always been I want them to see them. It's just taking them far away that I object to and I have always offered to share my time with them." Moreover, shortly thereafter, the following exchange took place between the grandparents' attorney and the mother:

> A. My only objection is while they're small, I would rather — I don't want them taken to Texas because they are uncomfortable. Even just going to their aunt's in Atlanta, they called us, mommy, we're scared. They're just little. Q. But you're agreeable to a court order that for — A. I'm not — I don't think it should be court ordered. Q. Okay. All right. A. I mean, I'm willing to do it. Why — why go through all — it's a control thing on my father's part as far as I'm concerned.

We generally hold that findings of fact made by trial courts in child custody proceedings must be supported by "reasonable evidence."[7] The evidence here, reasonably construed, shows without dispute that the mother and father did object to the court mandated visitation with the grandparents. Because there was no showing that failure to grant visitation to the grandparents would be harmful to the children, the visitation order must be reversed. Remaining issues are moot.

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

DECIDED AUGUST 2, 2005.

*Witt, Gaither & Whitaker, Cynthia D. Hall,* for appellant.
*Amy A. Petulla, Frank B. Perry,* for appellees.

---

[7] See *Scott v. Scott*, 227 Ga. App. 346, 348 (1) (489 SE2d 117) (1997).